# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-3547

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jonathan Woods

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: May 9, 2022
Filed: August 31, 2022

——————————

Before STRAS, MELLOY, and KOBES, Circuit Judges.

——————————

MELLOY, Circuit Judge.

Former state senator Jonathan Woods appeals the district court's[1] denial of his post-direct-appeal motion for a new trial or sentencing hearing. We affirm.

———————————————

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Woods and others were convicted of several offenses related to bribery and kickback schemes involving state funds. See United States v. Woods, 978 F.3d 554 (8th Cir. 2020) (direct appeal); see also, United States v. Paris, 954 F.3d 1069 (8th Cir. 2019) (co-defendant direct appeal). Some co-conspirators cooperated with investigators, some pleaded guilty, and others, like Woods, went to trial. Evidence at trial established that Woods participated in two separate schemes through which he directed public funds to organizations in exchange for payments to himself and the hiring of specific individuals. Due to the extensive nature of the underlying schemes, the number of resulting criminal cases, and protracted proceedings below to address the destruction of computer data by an FBI agent, the district court in this matter gained particularly in-depth familiarity with the case.

As relevant to the present appeal, one of the underlying conspiracies involved an organization hiring Woods's eventual wife, Christina Mitchell, at Woods's request as part of a kickback for Woods's routing of public funds to the organization. As also relevant to the present appeal, a former Arkansas state senator, Jeremy Hutchinson, purportedly served as counsel to a co-conspirator, Milton "Rusty" Cranford, and to an organization that received funds through the conspiracy. Hutchinson, who was a co-conspirator in the underlying schemes, cooperated with the FBI and later pleaded guilty to several offenses.

Approximately six months after we issued an opinion affirming Woods's convictions and four months after our mandate issued, Woods filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 alleging that newly discovered evidence demonstrated violations of Brady v. Maryland, 373 U.S. 83 (1963). The evidence at issue included a letter describing Hutchinson's interactions with investigators and an investigator's notes concerning the organization's hiring of Mitchell. In support of his motion, Woods argued the evidence showed that Hutchinson had vetted Mitchell for the job she received and had found her qualified. As a second point of support, Woods argued that an investigator had interfered with

the attorney client privilege between Hutchinson and Cranford by causing Hutchinson to disclose privileged information from Cranford.

The district court determined that evidence concerning the vetting of Christina Mitchell was neither material nor exculpatory. See Brady, 373 U.S. at 87 ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). We agree.

"Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Ladoucer, 573 F.3d 628, 636 (8th Cir. 2009) (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987)). Here, general evidence of the circumstances surrounding Mitchell's hiring was material in that it demonstrated one aspect of a quid pro quo exchange of public funds for Woods's benefit. The additional fact that a convicted co-conspirator vetted Mitchell and found her qualified for the position is not material because it does little to show the absence of a quid pro quo exchange. Woods's theory of materiality rests on the common-sense assertion that the hiring of an *unqualified* applicant could give rise to an inference of impropriety. The district court, however, expressly distinguished the present situation involving a *qualified* applicant and correctly noted that: (1) a witness at trial had testified that Mitchell was the most qualified applicant and (2) the government had not argued that Mitchell was unqualified. Given the evidence actually adduced at trial, we agree that disclosure of Mitchell's vetting by a co-conspirator and further evidence as to her qualifications would not have created a "reasonable probability" of a different outcome at trial.[2]

---

[2]To the extent Woods also seeks a new sentencing hearing, we also agree with the district court that the funds at issue drove the sentencing guidelines and that further evidence as to Mitchell's hiring is not material as to sentencing.

We also agree that the evidence in question—notes from an investigator referencing a discussion of the vetting with another co-conspirator—was not exculpatory. On balance, the notes tended to buttress rather than rebut the government's theory of the case in that the notes indicate the organization hired Mitchell in exchange for Woods's acquisition of funds.

As to the allegations of interference with an attorney-client relationship, we held in Paris that a defendant could not assert the purported violation of another defendant's right to counsel as a violation of his own rights. See Paris, 954 F.3d at 1072 ("The Sixth Amendment right to counsel is personal to each defendant."). As such, Woods cannot assert purported interference in the alleged attorney-client relationship between Hutchinson and Cranford as a violation of his own rights. In seeming recognition of this limitation, Woods argues that evidence of interference demonstrates heavy-handed government tactics that pervaded the case and merit exploration at a hearing. But, as correctly noted by the district court, the purportedly newly discovered evidence did not suggest an agent had directed anyone to inquire as to discussions between Woods and his own attorneys. At any rate, even if the evidence in question did relate to Woods, it was previously available: the government provided Woods a summary of the evidence in question prior to briefing in his direct appeal, yet he did not raise the issue in his appeal.

Because the purportedly newly discovered evidence buttressed rather than rebutted the case against Woods and was immaterial or previously available, we find no abuse of discretion. See United States v. Ryan, 153 F.3d 708, 711 (8th Cir. 1998) (standard of review on denial of a new trial). We also find no abuse of discretion in the district court's denial of an evidentiary hearing. United States v. Baker, 479 F.3d 574, 579 (8th Cir. 2007) (standard of review on denial of an evidentiary hearing). No outstanding questions merited exploration at a hearing, particularly in light of the district court's thorough familiarity with this matter. Id. (an evidentiary hearing is not required "[a]bsent exceptional circumstances" and the need for a hearing is lessened when same judge presided at trial).

We affirm the judgment of the district court.

_____